COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-10-014-CR

 

 

ANGEL RENEE NORRIS                                                                    APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

 








On
January 6, 2010, Appellant Angel Renee Norris was convicted of assault causing
bodily injury to a public servant in retaliation for an official duty and was
sentenced to fifty-four months=
confinement.  Norris timely filed a
notice of appeal on January 6, 2010, but thereafter, on February 5, 2010, filed
a motion for new trial.  On March 17,
2010, the trial court granted the motion for new trial as to punishment.  Given the trial court=s
March 17, 2010 order, it appeared to this court that there was no final
judgment from which Norris could appeal. 
We therefore sent a letter requesting that Norris respond and state why
her appeal should not be dismissed because her notice of appeal was prematurely
filed.  Norris filed a response in which
she agrees that her notice of appeal was prematurely filed and that her appeal
should be dismissed without prejudice.

When
the trial court grants a motion for new trial as to punishment only, the case
is restored to the position that it was in after the defendant was found
guilty.  Tex. R. App. P. 21.9(c).  By virtue of the March 17, 2010 order, Norris
has been returned to the position in which she stood immediately following the
finding of guilty, and the trial on punishment will proceed as if the original
punishment hearing had never occurred.  See
id.  Accordingly, we hold that there
is no final, appealable judgment, and we order the appeal dismissed without
prejudice.  See Workman v. State,
170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (1961).

 

SUE WALKER

JUSTICE

 

PANEL:  WALKER, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 6, 2010











[1]See Tex. R. App. P. 47.4.